UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  -vs-<br><br>CHRISTOPHER SIDNEY STOCKEN,<br>JOSHUA JOHN BIRD,<br><br>                Defendants. | NO.    CR-11-0102-WFN-1<br>          CR-11-0102-WFN-2<br><br>ORDER |

A pretrial conference and motion hearing was held April 26, 2012. The Defendants, who are in custody, were present. Mr. Stocken was represented by Douglas Phelps; Mr. Bird was represented by Robert Seines; Assistant United States Attorney Timothy Ohms represented the Government. The Court addressed Defendants' Motion for Disclosure of 404(b) and 609 Material (ECF No. 194) and Motion to Dismiss (ECF No. 176). The Government reported that notice has been given regarding the Motion for Disclosure. The parties estimate a trial time of three to four days.

The Court has reviewed the file and motions and is fully informed. This Order is entered to memorialize and supplement the oral rulings of the Court. Accordingly,

**IT IS ORDERED** that:

1. Defendant's Motion for Disclosure of 404(b) and 609 Material, filed April 6, 2012, **ECF No. 194**, is **GRANTED**.

2. Defendants' Motion to Dismiss, filed March 30, 2012, **ECF No. 176**, is **DENIED** for the reasons stated at the hearing.

ORDER - 1

3. The trial date is **RESET <u>in time only</u> to June 11, 2012, at 9:30 a.m., in Spokane,** Washington.

4. The final pretrial conference and motion hearing is **RESET <u>in time only</u> to June 11, 2012, at 8:30 a.m., in Spokane,** Washington.

5. Trial briefs, motions in limine, requested voir dire and a set of proposed **JOINT JURY INSTRUCTIONS** shall be filed and served on or before **May 29, 2012**.

Jury instructions should only address issues that are unique to this case, and shall include instructions regarding the elements of each claim, any necessary definitions and a proposed verdict form.

The Joint Proposed Jury Instructions shall include:

(a) The instructions on which the parties agree; and

(b) Copies of instructions that are disputed (i.e., a copy of each party's proposed version of an instruction upon which they do not agree). All jury instructions from the most current edition of the Ninth Circuit Manual of Model Jury Instructions may be proposed by number. The submission of the Joint Proposed Jury Instructions will satisfy the requirements of LR 51.1(c).

Each party shall address any objections they have to instructions proposed by any other party in a memorandum. The parties shall identify the specific portion of any proposed instruction to which they object and shall elaborate the basis for the objection. Objections asserting that an instruction sets forth an incorrect statement of law shall describe the legal authority that supports this objection. Failure to file an objection and supporting argument may be construed as consent to the adoption of an instruction proposed by another party.

6. The parties are requested to submit courtesy copies of witness and exhibit lists to the Court no later than **12:00 noon the Thursday before trial**.

7. The following procedures shall be utilized at trial:

ORDER - 2

(a) The Court will conduct the majority of jury voir dire but allow counsel 10 minutes to ask additional questions or to do more in depth exploration of issues raised by the Court;

(b) A total of 14 jurors will be selected. Plaintiff shall have 7 peremptory challenges; Defendant shall have 11 peremptory challenges. The challenges shall be exercised simultaneously.

(c) Regular trial hours shall be from 8:30 a.m. to 12:00 noon, and 1:00 to 4:30 p.m.;

(d) The jurors will be provided with notebooks for note-taking and a copy of preliminary instructions;

(e) Documents published to the jury by counsel shall be collected at the conclusion of trial each day or following a witness's testimony regarding the published document;

(f) Examination of witnesses shall be limited to direct, cross, redirect and recross. FED. R. EVID. 611(a);

(g) Counsel are encouraged to limit requests for sidebars by anticipating legal and evidentiary issues so that the issues may be addressed before trial begins each day, during the lunch hour, or after trial hours;

(h) During trial, counsel are encouraged to exchange lists of the next day's witnesses and exhibits so that objections or legal issues may be anticipated and resolved outside the normal trial hours;

(i) Counsel shall have the next witness to be called to testify available on the Ninth Floor, to avoid delay; and

(j) If the Defendant is represented by CJA appointed counsel, the indigent Defendant's requests for issuance of subpoenas and payment of costs and fees for trial witnesses shall be filed no later than ten (10) days before trial, excluding weekends and

ORDER - 3

holidays. Defense counsel may request, as needed, that the motion and order be filed under seal. Defense counsel shall prepare a proposed order that includes the following language:

    1) That the United States Marshal shall serve the subpoenas on the witnesses identified by name, address and phone number. The subpoena shall state when the witnesses' appearance is requested;

    2) The subpoenaed individual shall contact the United States Marshal in the District in which they are served so that the Marshal may make travel arrangements, for those witnesses requiring such arrangements;

    3) Defense counsel shall contact the Case Administrator in the District Court Executive's office, 509-458-3400, to obtain information on how to make lodging arrangements for those witnesses requiring lodging; and

    4) Any witness fees and per diem allowances shall be paid by the Government after the witness has testified. Requests for advance payment shall be directed to the United States Marshal in the district in which the witness is served or the United States Marshal in the district in which the witness is present to provide testimony.

    (k) Counsel are informed that no CJA money is available to pay per diem expenses for indigent Defendants. Should an indigent Defendant require transportation to the trial, housing and meals during the trial, defense counsel shall apply for such travel and costs no later than ten (10) days, excluding weekends and holidays, prior to the date of the trial.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 26th day of April, 2012.


04-26-12
            s/ Wm. Fremming Nielsen
            WM. FREMMING NIELSEN
            SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4